UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Travis Houston<br><br>  Plaintiff<br><br>v.<br><br>Aaron D. Ford, et al.,<br><br>  Defendants | Case No.: 2:23-cv-01423-APG-EJY<br><br>**Order Denying Application to Proceed in Forma Pauperis and Motions**<br><br>(ECF Nos. 1, 4, 5) |

On September 12, 2023, plaintiff Matthew Houston, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC), submitted a civil rights complaint under 42 U.S.C. § 1983 and applied to proceed in forma pauperis.[1] He also filed documents titled "Motion to Expedite Screening" and "Emergency Motion for Expeditious Justice" that contain disjointed ramblings about other legal proceedings and fail to seek sensible relief from this court.[2] Houston was recently declared a vexatious litigant by U.S. District Judge Jennifer Dorsey.[3] He's also amassed over three strikes under the Prison Litigation Reform Act (PLRA).[4] But because the complaint does not plausibly allege that Houston faced an ongoing danger of serious physical injury when he filed it, he cannot proceed in forma pauperis in this action. I therefore deny Houston's in forma pauperis application and motions and grant him an extension of time to pay the full $402 filing fee in this action.

---

[1] ECF Nos. 1-1, 1.

[2] ECF Nos. 4, 5.

[3] *Houston v. Encore Event Technologies*, Case No. 2:22-cv-01740-JAD-EJY, at ECF No. 30 (D. Nev. Oct. 24, 2023).

[4] 28 U.S.C. § 1915.

I.   Discussion

The Prison Litigation Reform Act provides that no prisoner can "bring a civil action or appeal a judgment in a civil action or proceeding" under in forma pauperis status "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[5] The Ninth Circuit explained in *Andrews v. Cervantes* that the exception to § 1915(g) applies only if the prisoner makes a plausible allegation that he or she faced "an ongoing danger" of serious physical injury "at the time the complaint was filed."[6] "The prisoner may meet this requirement by 'alleging that prison officials continue with a practice that has injured him or others similarly situated in the past,' or that there is a continuing effect resulting from such a practice."[7] If the prisoner satisfies the exception, it applies to the entire complaint, not on a claim-by-claim basis or only for certain types of relief.[8]

    A.   Houston has amassed at least three strikes under the PLRA.

On August 8, 2019, Houston commenced the civil-rights action styled *Houston v. Howell*, 2:19-cv-01371-JAD-DJA (D. Nev.), while he was incarcerated at the NDOC's Three Lakes Valley Conservation Camp.[9] The district court dismissed Houston's complaint for failing to state a claim upon which relief could be granted, and granted him leave to file an amended

---

[5] 28 U.S.C. § 1915(g).
[6] *Andrews v. Cervantes*, 493 F.3d 1047, 1055–56 (9th Cir. 2007).
[7] *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (cleaned up) (quoting *Andrews*, 493 F.3d at 1057).
[8] *Andrews*, 493 F.3d at 1052.
[9] 2:19-cv-01371-JAD-DJA, at ECF Nos. 1, 1-1.

complaint if he could cure the stated defects.[10] On June 26, 2020, when Houston failed to file an amended complaint by the deadline, the district court dismissed the action.[11] This constitutes Houston's first strike under the PLRA.[12]

On November 9, 2022, Houston filed the civil-rights action styled *Houston v. Encore Event Technologies*, Case No. 4:22-cv-00380-RGE-SBJ (S.D. Iowa), while he was incarcerated at HDSP.[13] On December 1, 2022, the district court dismissed the action for failing to state a claim upon which relief could be granted.[14] This constitutes Houston's second strike under the PLRA.

Two years later, Houston filed notice that he was incarcerated at NDOC's High Desert State Prison (HDSP) and appealed the dismissal order in *Houston v. Howell*.[15] On February 23, 2023, the Ninth Circuit dismissed Houston's appeal as "frivolous."[16] This constitutes Houston's third strike under the PLRA.

On October 17, 2022, Houston filed the civil-rights action styled *Houston v. Encore Event Technologies*, Case No. 2:22-cv-01740-JAD-EJY (D. Nev.), while he was incarcerated at HDSP.[17] On April 13, 2023, the district court dismissed Houston's "nonsensical" complaint

---

[10] *Id.* at ECF No. 24.

[11] *Id.* at ECF No. 25.

[12] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[H]old[ing] that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[13] 4:22-cv-00380-RGE-SBJ, at ECF Nos. 1, 2.

[14] *Id.* at ECF No. 3.

[15] 2:19-cv-01371-JAD-DJA, at ECF Nos. 38, 31.

[16] *Id.* ECF Nos. 39, 40 (order and mandate for Ninth Circuit Case No. 22-16439).

[17] 2:22-cv-01740-JAD-EJY, at ECF Nos. 1, 1-1.

with prejudice, finding that it "falls far from stating any claim for relief[.]"[18] This constitutes Houston's fourth strike under the PLRA.

On October 5, 2022, Houston filed the civil-rights action styled *Houston v. Lombardo*, Case No. 2:22-cv-01685-JCM-DJA (D. Nev.), while he was incarcerated at HDSP.[19] On December 14, 2022, the district court dismissed the action because Houston failed to comply with its order directing him to either file a new fully complete application to proceed in forma pauperis or pay the full $402 filing fee.[20] This does not constitute a strike under the PLRA. But Houston unsuccessfully sought to set aside the dismissal order, appealed the orders denying that effort,[21] and on September 27, 2023, the Ninth Circuit dismissed his appeal as "frivolous."[22] This constitutes Houston's fifth strike under the PLRA. But because Houston's appeal was dismissed after he commenced this action, I do not count it as a strike here.

**B.     Houston's complaint does not satisfy § 1915(g)'s exception.**

As outlined above, on more than three occasions before Houston initiated this action, a federal court dismissed civil actions and appeals that Houston commenced while he was detained or incarcerated because the proceedings were frivolous or failed to state a claim upon which relief could be granted. So to be granted in forma pauperis status and proceed in this action without prepaying the full $402 filing fee, Houston's complaint must plausibly allege that he faced "imminent danger of serious physical injury" when he filed it.[23]

---

[18] *Id.* at ECF No. 19.

[19] 2:22-cv-01685-JCM-DJA, at ECF Nos. 1, 1-1.

[20] *Id.* at ECF Nos. 13, 20, 23 (order denying application, report and recommendation (R&R) to dismiss action for failure to comply with court order, and dismissal order adopting R&R).

[21] *Id.* at ECF No. 32.

[22] *Id.* at ECF Nos. 34, 35 (order and mandate for Ninth Circuit Case No. 23-15298).

[23] 28 U.S.C. § 1915(g).

Houston's complaint is a hodge podge of allegations that federal judges violated his rights by ruling against him in habeas proceedings, government officials and police officers in Las Vegas conspired to have him falsely arrested and imprisoned in 2016 and 2021, and law enforcement assaulted him nearly 30 years ago in Iowa.[24] There are no factual allegations that Houston faced "an ongoing danger" of "serious physical injury" when he filed the complaint.[25] Because the complaint does not satisfy § 1915(g)'s imminent-danger exception, Houston must pre-pay the full $402 filing fee if he wants to proceed with this civil-rights action.

## II.     Conclusion

I THEREFORE ORDER that Houston's application to proceed in forma pauperis **(ECF No. 1) is DENIED**.

I FURTHER ORDER that this action will be dismissed without prejudice unless Houston pays the full $402 filing fee **by December 4, 2023.**

I FURTHER ORDER that Houston's motions for various relief **(ECF Nos. 4, 5) are DENIED**.

I FURTHER ORDER that the Clerk of the Court will send plaintiff Matthew Travis Houston two copies of this order.  Houston will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

DATED this 1st day of November, 2023.

                                                                                 ANDREW P. GORDON
                                                                                 UNITED STATES DISTRICT JUDGE

---

[24] ECF No. 1-1.

[25] The 228 pages of documents that Houston filed with his "Supplement to Civil Rights Complaint" do not merit a different conclusion. *See* ECF No. 6.