# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Matthew Travis Houston,

    Plaintiff

v.

Aaron D. Ford, et al.,

    Defendants

Case No.: 2:23-cv-01423-APG-EJY

**Order Denying Motions and Dismissing Case**

(ECF Nos. 9, 11, 12, 14, 15, 16)

    Plaintiff Matthew Houston brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison.[1]  On November 1, 2023, I denied Houston's application to proceed *in forma pauperis* and ordered him to pay the $402 filing fee in full by December 4, 2023, because he had amassed over three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[2]  I warned Houston this action would be dismissed if he failed to pay the $402 filing fee by that deadline.[3]  Houston responded with a document titled "Emergency Motion for Extension of Time to Pay Filing Fee," which I construed as a motion to reconsider my November 1 order, and denied in all respects.[4]

    Houston has not paid the $402 filing fee in this action, and the deadline for him to do so has expired.  Houston, however, filed motions seeking pretrial equitable relief about events that

---

[1] ECF No. 1-1.

[2] ECF No. 7.

[3] *Id.* at 5.

[4] ECF Nos. 8, 10.

purportedly happened in his other lawsuits.[5]  Houston also moves to reconsider my November 14

order denying his earlier motion for reconsideration, arguing that he's a danger to himself

because he's been misclassified by prison officials and placed in protective custody, which

resulted in a "catastrophic deprivation of prison culture[.]"[6]  Finally, Houston moves to add

inmate Harold E. Montague as a plaintiff to this action.[7]  For the reasons discussed below, I deny

all Houston's motions and dismiss and close this action.

**I.      Discussion**

**A.      Houston's motion for reconsideration is denied.**

Nevada LR 59-1 provides that reconsideration of a non-dispositive order may be

appropriate if "the court has overlooked or misunderstood" any point of law or fact.[8]

"Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not

available when the original motion or response was filed, (2) the court committed clear error or

the initial decision was manifestly unjust, or (3) there is an intervening change in controlling

law."[9]  However, "[m]otions for reconsideration are disfavored" and cannot be used to "repeat

arguments already presented" unless they are "necessary to explain controlling, intervening law

or to argue new facts."[10]  And a party who repeats arguments "will be subject to appropriate

sanctions."[11]

---

[5] ECF Nos. 9, 11, 14, 15.

[6] ECF No. 12 at 2.

[7] ECF No. 16.

[8] Nev. LR 59-1(a).

[9] *Id.*

[10] *Id.* at (b).

[11] *Id.*

Buried among hundreds of pages attached to the motion for reconsideration is the report of a psychological examination that Dr. Abigail Baily conducted of Houston on December 21, 2022[12] and the report of a psychiatric forensic evaluation that Dr. Dodge Slagle conducted of Houston on November 22, 2021.[13]   Houston argues that reconsideration of my November 14, 2023 order finding that he has not met 28 U.S.C. § 1915(g)'s imminent-danger exception is merited because these reports show he's sought and been denied care for his mental-health needs.   But neither report speaks to the state of Houston's mental health presently or when he initiated this action in September 2023.   For instance, Dr. Bailey reported that although Houston had "endorsed suicidal ideation" in the recent past, he "denied any current suicidal ideation" at the time of the examination.[14]   And Dr. Slagle similarly reported that Houston "deni[ed] homicide or suicide ideation" during that evaluation.[15]

In any event, "to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court."[16]   Houston's complaint contends that federal judges violated his rights when they ruled against him in habeas proceedings, government officials and police officers in Las Vegas conspired to have him falsely arrested and imprisoned in 2016 and 2021, and a police officer assaulted him nearly 30 years ago in Iowa.[17]   Houston does not allege an imminent danger that is fairly traceable to any of these

---

[12] ECF No. 12 at 44–54.

[13] *Id.* at 56–59.

[14] *Id.* at 50.

[15] *Id.* at 57.

[16] *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

[17] ECF No. 1-1.

alleged issues of misconduct.  Instead, Houston argues that imminent danger exists from self-harm due to his classification status, custody level, and housing conditions.[18]  But the complaint does not contend that Houston's classification, custody, or housing conditions are unlawful.  Nor does the complaint contend that Houston sought and was denied medical care for his mental-health needs.

Houston has failed to raise an imminent danger of serious physical injury that is fairly traceable to the misconduct alleged in his complaint.  "Moreover, a favorable judicial outcome" on the claims Houston seeks to bring in this civil-rights action "would not redress any injury resulting from" Houston's classification status, custody level, or housing conditions.[19]  I therefore deny Houston's motion to reconsider my November 14, 2023, order, and I now consider whether dismissal is warranted here.

**B.    Dismissal is warranted.**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[20]  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[21]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

---

[18] ECF No. 12 at 2–3.

[19] *See Ray*, 31 F.4th at 701.

[20] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[21] *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[22]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Houston's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[23] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[24] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[25] Because this action cannot realistically proceed until Houston pays the $402 filing fee, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception because Houston ignored my third order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

---

[22] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[23] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[24] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[25] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

## II.      Conclusion

The above dismissal factors weigh in favor of dismissal.  I therefore order that this action is dismissed without prejudice based on Matthew Houston's failure to pay the $402 filing fee in compliance with my November 1 and 14, 2023 orders.  The Clerk of Court is directed to enter judgment accordingly and close this case.  **No other documents may be filed in this now-closed case.**  If Houston wishes to pursue his claims, he must comply with the prefiling injunction that was entered against him in the action styled *Houston v. Encore Events Tech.,* Case No. 2:22-cv-01740-JAD-EJY at ECF No. 30 (D. Nev. Oct. 24, 2023).

I further order that Houston's motions seeking various relief (ECF Nos. 9, 11, 12, 14, 15, 16) are denied as moot.

Dated: January 7, 2024

_____
U.S. District Judge